IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JOHN W. REEVES, JR.**, | ) |
| Petitioner, | ) Case No. 7:07CV00330 |
| v. | ) **OPINION** |
| **UNITED STATES OF AMERICA**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*John W. Reeves, Jr., Pro Se Petitioner.*

John W. Reeves, Jr., a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of his submissions, I find that his allegations fail to state any ground upon which he is entitled to relief under § 2255. I will therefore summarily dismiss his petition, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.[1]

I

Reeves pleaded guilty on January 31, 2006, pursuant to a written plea agreement, to one count of conspiracy to distribute more than five grams of cocaine base. On August 18, 2006, I sentenced him to sixty months imprisonment. Reeves

---

[1] Rule 4 provides that if it "plainly appears from motion, any attached exhibits, and the record of prior proceedings that [petitioner] is not entitled to relief, the court must summarily dismiss the motion."

filed a timely pro se notice of appeal, but on November 11, 2006, the United States Court of Appeals for the Fourth Circuit granted his pro se motion to dismiss the appeal.

In July 2007, Reeves simultaneously filed this § 2255 motion and a petition for a writ of habeas corpus, pursuant to 28 U.S.C.A. § 2241 (West 2006). The two submissions were filed as separate civil actions—this case and Case No. 7:07CV00332. Because Reeves raised the same or related claims in both submissions, all challenging the validity of his conviction and sentence, I dismissed the § 2241 case, Case No. 7:07CV00332, and directed the clerk to file the petition from that case as a Motion to Amend in the instant case. Since that time, Reeves has submitted additional documents discussing his claims under § 2255, which I will consider as additional amendments.[2]

---

[2] A relative of Reeves delivered to the Clerk's Office on September 20, 2007, a stack of documents to be filed in this action. These materials do not offer any additional argument or explanation of Reeves's § 2255 claims. They include several reports, self-styled "motions," transcribed interviews, and letters from Sherry Jennings, self-identified "advocate" and "paraphrasor" for Reeves, submitted in November and December 2006 to this court, the United States Court of Appeals for the Fourth Circuit, and other individuals regarding Mr. Reeves's appeal of his conviction and sentence. The submissions also include medical information about Mr. Reeves from 2005 and 2006; photocopies of purported affidavits from 2006 of individuals who claim that Mr. Reeves is innocent; letters to the court in 2006 from Yvonne (also spelled Evonne) Reeves, petitioner's mother; an undated letter to the NAACP from someone identifying himself/herself as Stacy Green, asserting that Reeves did not have a fair jury trial (in fact, Reeves pleaded guilty); random documents from criminal proceedings against John Reeves in the Circuit Court of Carroll County, Virginia, in 1999-2000; sentence computation data from the Federal Bureau of Prisons; copies of

Reeves's claims and arguments are scattered throughout his submissions. In keeping with the court's obligation to construe liberally the allegations of a pro se litigant, *see Cruz v. Beto*, 405 U.S. 319 (1972), I find that Reeves alleges the following grounds for relief:

1. After Reeves was promised that he could earn a sentence reduction or have the federal charges dismissed if he provided substantial assistance to the government, circumstances placed his life in danger.[3] As a result, he was unable to provide assistance and did not receive a sentence reduction;

2. Counsel was ineffective in advising Reeves to plead guilty because black defendants were usually convicted by white juries in Abingdon, Virginia, and ninety-nine percent of defendants who went to trial in federal court were convicted;

3. Counsel was ineffective in advising Reeves that pleading guilty was his best option, even though the prosecutor's only evidence

---

letters to Reeves from the Clerk of the Fourth Circuit; two single-spaced, unsigned sheets entitled "Narratives" dated July 1999; a photocopied article about the conviction of Reeves's codefendant; a General Power of Attorney, signed by Reeves in November 2006, making Sherry Jennings his attorney-in-fact; letters from John Reeves to "whom it may concern," dated 2006-2007, regarding his dissatisfaction with his appellate counsel, Mr. Dene (also spelled Dean); handwritten accounts by John Reeves, dated December 3, 2006, of his version of events related to the 1999 drug charges and subsequent criminal proceedings. I find that none of these documents has any bearing on Reeves's current claims.

[3] Reeves also complains that the prosecutor knew of the danger, but did nothing about it. Even if this assertion is true, however, the prosecutor's failure to intervene somehow in these circumstances does not affect the validity of the conviction or sentence.

- 3 -

Case 7:07-cv-00330-JPJ-mfu   Document 6   Filed 10/16/07   Page 3 of 11   Pageid#: 210

against him was false testimony from two incarcerated drug dealers who had been involved in a murder;[4]

4. The prosecutors pursued federal charges based on conduct that occurred seven years earlier. In 1999, a state court had dismissed state charges related to the same conduct;

5. The prosecutors charged Reeves with federal drug crimes as a tool to pressure him into providing authorities with the name of the shooter in a drug related murder;[5]

6. Appellate counsel was ineffective when he advised Reeves that he did not have a chance to win on appeal, that he might get an increased sentence if he pursued an appeal, and that his appeal would be a waste of taxpayers' money. Counsel was also rude and impatient when asking petitioner whether he wished to appeal or not;

7. Counsel was ineffective for failing to object to Reeves's sentence on the grounds he was not a threat to society and was the father of five children, three of whom lived with him; and

8. Counsel gave Reeves a written statement to memorize in answer to the court's question about what he had done that made him guilty of the charge. Reeves claims he is actually innocent of the conduct he described in court during the plea hearing.

---

[4] Reeves asserts that both of these individuals were released or received lighter sentences because they made false statements incriminating Reeves. He asserts that counsel told him he could get ten years or more in prison if he went to trial on the charges, but might get only five years if he pleaded guilty.

[5] Reeves claims that the disagreement which resulted in the shooting was actually over a pet snake's death and not related to drugs at all.

- 4 -

II

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Nevertheless, the plea does not bar collateral review of ineffective assistance claims in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985). To prove that counsel's assistance at trial, at sentencing, or on appeal was so defective as to require reversal of his conviction or sentence, petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 688. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 695. When petitioner alleges that counsel's error led him to enter an invalid guilty plea, he can show prejudice only by demonstrating "a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *Ostrander v. Green*, 46 F.3d 347, 355 (4th Cir. 1995), *overruled on other grounds by O'Dell v. Netherland*, 95 F.3d 1214 (4th Cir. 1996). From the perspective of a reasonable defendant in the same circumstances as petitioner, the court must consider such objective factors as the strength of the government's case versus the strength of the defense case and any sentencing benefit received through the plea bargain versus the possible penalties to which the defendant would have been subject if convicted after a trial. *Ostrander*, 46 F.3d at 355-56. The prejudice inquiry becomes whether a reasonable defendant in the petitioner's shoes, absent counsel's alleged errors, would still have pleaded guilty to avoid facing the possible consequences of conviction at trial? If it is clear that petitioner has not satisfied one prong of the *Strickland/Hill* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697.

"[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). If the court determines that petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently

frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotations and citations omitted).

III

Under these principles, Reeves fails to state any claim upon which he is entitled to relief under § 2255. First, so long as his guilty plea was knowing and voluntary, Reeves waived any claims concerning events that preceded the guilty plea. During the guilty plea colloquy, Reeves affirmed that he was thirty-one years old, had been through the eleventh grade in school, could read and write, had never been treated for mental illness or substance abuse, and was not under the influence of any substance that would affect his ability to understand the plea proceeding. He stated that he had been diagnosed with some memory problems and low mental functioning, but he demonstrated to the court that he understood the purpose of the plea hearing, had had adequate time to discuss the charges and the plea agreement with his attorney, had read it or had it read to him and initialed or signed each page, and was satisfied with his attorney's representation. He stated that he understood the terms of the plea agreement as reviewed for him by the prosecutor in open court. Paragraph J of the agreement indicated that Reeves was entering the guilty plea on the assumption that he would not have an opportunity to earn a sentence reduction motion relating to

testimony he would give against other defendants in this case, but retained an opportunity to offer substantial assistance relating to other cases and potentially earn a sentence reduction motion. Reeves denied that anyone had promised him anything else in exchange for his guilty plea and denied that anyone had forced him to plead guilty. He affirmed that he understood the rights he was waiving by pleading guilty and the facts that the government would have to prove to convict him at trial.

Reeves's statements under oath during the plea colloquy indicated that his guilty plea was knowing (made with understanding of the charges and consequences of the plea) and voluntary (made as petitioner's choice among the options available to him). He offers nothing in his current submissions sufficient to overcome the presumption that the statements he made to the court were accurate. Indeed, even now he does not indicate that he wishes to withdraw his guilty plea and proceed to trial or offer any evidence on which he could prove his innocence at trial. He also fails to demonstrate that in advising him to accept the plea bargain, trial counsel told him anything that was not accurate. Moreover, the evidence against Reeves was strong (despite his opinion of that evidence), and he stood an excellent chance of being convicted after a trial and receiving a lengthier sentence that the one he received in conjunction with the plea agreement. I find no reasonable probability that a reasonable defendant in the same situation would reject the plea agreement and

insist on trial. Thus, as to Claims 2 and 3, Reeves fails to show that counsel's performance was either deficient or prejudicial, and these claims must be dismissed.

Claim 8 must be dismissed under *Lemaster*, 403 F.3d at 221-22. During the plea hearing, I asked Reeves to tell me in his own words what he did that made him guilty of the charge to which he was pleading guilty. Reeves now claims that his trial counsel gave him a written version of events to memorize for the plea hearing and that he is actually innocent of selling drugs. This claim is based on statements that directly contradict statements that Reeves made under oath in court—that he was sworn to tell the truth, that no one was forcing him to plead guilty, that he agreed with the prosecutor's recitation of the evidence against him, and that he had sold illegal substances fronted to him by his cousin. I find inherently incredible his current claim that counsel fed him the whole story and told him to lie during the plea hearing. Therefore, I will dismiss Claim 8.

As Reeves fails to demonstrate any reason that his guilty plea was not valid, the plea itself waives Claims 4 and 5, alleging that the prosecutor acted unlawfully in pursuing the case against Reeves. This alleged misconduct by the prosecutor

occurred before the guilty plea and does not affect the jurisdiction of the court.[6] Accordingly, entry of the plea waived such claims, and I must dismiss them.

Reeves's claims concerning sentencing also provide no ground for relief. In Claim 1, Reeves admits that he chose not to provide substantial assistance, because he felt his life or his family might be in danger. Thus, the government had no ground on which to move for a sentence reduction and did not violate Reeves's rights in any way in failing to do so. I will dismiss this claim accordingly.

In Claim 7, Reeves faults counsel for failing to argue that his sentence be reduced because of his family situation and because he was not a threat to society. The charge to which Reeves pleaded guilty, conspiracy to distribute more than five grams of crack cocaine, in violation of 21 U.S.C.A. §§ 841 and 846 (West 1999), carried a mandatory minimum sentence of five years imprisonment. I imposed that mandatory minimum sentence on Reeves. Thus, Reeves cannot show prejudice from counsel's failure to make the desired sentencing arguments, and Claim 7 must be dismissed under *Strickland*.

Finally, Reeves argues that appellate counsel was rude and impatient and wrongfully advised him to drop his appeal. He fails to demonstrate, however, that

---

[6] In any event, the challenged actions, although no doubt frustrating and seemingly unfair to the petitioner, were well within the bounds of the prosecutor's lawful options in prosecuting a federal criminal charge.

counsel's reasons for such advice were inaccurate.  He does not show any ground on which he could reasonably have succeeded in overturning his conviction or sentence on appeal, particularly given the fact that he had pleaded guilty.  Moreover, as counsel advised, even if Reeves had succeeded on appeal and obtained a new trial, he might then have been convicted on more than one charge and received a greater sentence accordingly.  Reeves certainly does not show that absent counsel's alleged rudeness and impatience, a reasonable defendant would have insisted on pursuing the appeal.

IV

For these reasons, the motion fails to present any ground upon which Reeves is entitled to relief under § 2255.  Accordingly, it will be dismissed.

A separate Final Order will be entered herewith.

ENTER: October 16, 2007

/s/ JAMES P. JONES
Chief United States District Judge